UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
JOHN RYAN,

                                               Plaintiff,           07 Civ. 7217 (DAB)

          -against-                         TRIAL MEMORANDUM OF LAW

METRO-NORTH COMMUTER RAILROAD,

                                               Defendant.
-------------------------------------------------------------------------

### 1. BASIS OF ACTION

Plaintiff brings this action against Defendant, Metro-North Commuter Railroad ("Metro-North"), under the Federal Employers Liability Act, Section 51, *et. seq.* ("FELA"), for injuries he allegedly sustained while in the course of his employment. Plaintiff, an engineer, claims that he injured his right knee on August 21, 2004 when he slipped and fell while he was walking in the dark without a flashlight.

Plaintiff claims that Metro-North was negligent by failing to provide him with a reasonably safe place to work. Metro-North claims that it was not negligent and that the plaintiff was provided with a reasonably safe place to work. The plaintiff will not sustain his burden of proof that the defendant was negligent or that his conditions were caused by any alleged negligence.

### 2. DEFENDANT IS NOT AN INSURER OF THE SAFETY OF ITS EMPLOYEES NOR OF THE SAFETY OF THE PLACES IN WHICH THEY WORK

This case is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. Section 51 et. seq., which provides in part, as follows:

> "Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering any injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency." (45 U.S.C. §5l.)

The F.E.L.A. does not make the railroad the guarantor or insurer of its employees' safety or of the places in which they work. The railroad is not bound to anticipate every possible accident because a railroad is necessarily attended by some danger and it is impossible to eliminate all danger. Defendant is bound only to exercise the care which the particular circumstances reasonably demand. *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653 (1947); *Atlantic Coast Line R.R. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *Inman v. Baltimore & Ohio R. Co.*, 361 U.S. 138, 140 (1959); *Rubley v. Louisville, & N. R. Co.*, 208 F. Supp. 798 (E.D. Tenn. 1962); *Kimbler v. Pittsburg & L. E. R. Co.*, 331 F.2d 383, 385 (3rd Cir. 1964); *Isgett v. Seaboard Coast Line R.R.*, 332 F.Supp. 1127, 1139 (D.S.C. 1971).

The basis of defendant's liability, if any, is negligence and not the mere fact that an injury occurs while plaintiff is working. Moreover, that negligence must cause the injury or plaintiff may not recover. FJPI §94.06; *Brady v. Southern Ry. Co.*, 320 U.S. 476, 484 (1943); *Tiller v. Atlantic Coast Line R. Co.*, 318 U.S. 54, 67 (1943); *Ellis v. Union Pacific Railroad*, 329 U.S. 649, 653 (1946); *Wilkerson v. McCarthy*, 366 U.S. 940 (1949); *Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *Milom v. New York Central R. Co.*, 248 F.2d 52 (7th Cir. 1957), *cert. denied*, 355 U.S. 953 (1958); *Atchison, T. & S.F. Ry. v. Toops*, 281 U.S. 351 (1930).

3. <u>DEFENDANT'S DUTY IS TO PROVIDE A REASONABLY SAFE PLACE TO WORK</u>.

The railroad's duty to plaintiff is to be measured by what is reasonably foreseeable under like circumstances. *Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963); *Bridger v. Union Ry.*, 355 F.2d 382 (6th Cir. 1966); *Inman v. Baltimore & O.R.R.*, 361 U.S. 138, 80 S.Ct. 242, 4 .Ed.2d 198 (1959); *Palsgraf v. Long Island R. Co.* 248 N.Y. 339 (N.Y. 1928); *MacPherson v. Buick Motor Co.*, 217 N.Y. 382 (N.Y. 1916). The railroad is only liable when injury to an employee results from the negligence of its employees acting within the course and scope of their employment. *Davis v. Green,* 260 U.S. 349, 43 S.Ct. 123 (1922). The defendant is not required to furnish the plaintiff a place to work which was

absolutely safe nor to furnish to its employees the latest, best, or most perfect place, appliances or equipment within or upon which to work or to work with, nor to discard standard places to work or standard appliances or equipment already in use upon the discovery of later improvements, if those in use are reasonably safe and suitable. *Atlantic Coast Line R. Co. v. Graven*, l85 F.2d l76, l79 (4th Cir. 1950), *cert. denied*, 340 U.S. 952 (1951); *Atlantic Coast Line Co. v. Dixon*, l89 F.2d 525, 527 (5th Cir. 1951), *cert. denied*, 342 U.S. 830 (1951); *McGivern v. Northern Pac. R. Co.*, l32 F.2d 2l3, 2l7 (8th Cir. 1942); *Baltimore & Ohio R. Co. v. Groeger*, 266 U.S. 52l (1925). "The question the jury had to decide was whether the Railroad had exercised reasonable care for [Plaintiff's safety], not whether the Railroad could have employed a safer [alternative] method . . ." *Stillman v. Norfolk & W. R. Co.*, 811 F.2d 834, 838 (4th Cir. 1987); "The fact that there may have been a safer method than that employed, or that danger might have been avoided by action in a different manner, does not necessarily make an act negligent." *Chicago, Rock Island & Pacific Railroad Company v. Lint*, 217 F.2d 279; 282-83 (8th Cir. 1954).

### 4. NOTICE AND FORESEEABILITY

To recover under the FELA, Plaintiff must prove that the railroad was negligent. *Tennant v. Peoria & Pekin Union Ry. Co*, 321 U.S. 29, 32, 64 S.Ct. 409 (1944); *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir. 1976), *cert. denied,* 429 U.S. 1002, 97 S.Ct. 553 (1976). "[A] plaintiff's prima facie case under the Act must include all the same elements as are found in a common law negligence action." *Davis, supra.*; *McGivern v. Northern Pacific Ry. Co.*, 132 F.2d 213, 217 (8th Cir. 1942).

One of the necessary elements of a common law negligence action is that the defendant must have actual or constructive notice of the alleged condition. *Sears v. Southern Pacific Co.*, 313 F.2d 498 (9th Cir. 1963); *Kaminski v. Chicago River & Indiana Railroad Co.*, 200 F.2 1 (7th Cir. 1952); *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646 (1986). The FELA defendant is not liable if

it had no reasonable way of knowing about the hazard that caused the employee's injury. *Peyton v. St. Louis Southwestern Ry.*, 962 F.2d 832 (8th Cir. 1992).

Another necessary element is that there be reasonable foreseeability of harm to the plaintiff. In an FELA case, there must be some evidence of foreseeability for the plaintiff to prevail. *Green v. River Terminal Railway Co.*, 763 F.2d 805 (6th Cir. 1985); *Richardson v. Missouri Pacific R. Co.*, 677 F.2d 663 (8th Cir. 1982); , *Gallick v. Baltimore & Ohio Railway Co.*, 372 U.S. 108, 83 S.Ct. 659 (1963).

Although the standard of negligence for jury determination may be different than in other personal injury actions, the plaintiff must nevertheless prove these elements of common law negligence. *Thomas v. Conrail*, 971 F.Supp. 620 (D. Mass. 1997). See also, *Curley v. Consolidated Rail Corp.*, 178 A.D.2d 318; 578 N.Y.S.2d 536 (First Dept. 1991), *aff'd* 81 N.Y.2d 746, 593 N.Y.S.2d 772 (1992), *cert. denied*, 508 U.S. 940, 113 S.Ct. 2415 (1993). The jury must not be permitted to speculate and the case must be withdrawn from the jury's consideration unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer. *Curley, supra,* 578 N.Y.S.2d at 538-9, *quoting from A. T. & S.F. Ry. Co. v Toops*, 281 U.S. 351, 354-355 (1930). The Court determines whether the case should be given to the jury. *Curley, supra.*

5. <u>DEFENDANT IS NOT LIABLE FOR PLAINTIFF'S CONTRIBUTORY NEGLIGENCE</u>

Plaintiff was required to exercise reasonable care to protect himself from injury from the ordinary hazards and dangers of his employment and to protect himself from injury from such hazards however and whenever they might be encountered. The defendant cannot be charged with negligence in this case by failing to anticipate that plaintiff would not take the ordinary and proper precautions to protect and safeguard his health and welfare. Railroad employees must as part of their duties exercise due care for their own safety. *Atlantic Coast Line R.R. v. Dixon*, 189 F.2d 525, 527, (5th Cir. 1951), *cert. den.*, 342 U.S. 830 (1951); *Kurn v. Stanfield*, 111 F.2d 469, 473 (8th Cir 1940); *Gowins v. Pennsylvania R.R.*,

4

299 F.2d 431 (6th Cir. 1962), *cert. denied*, 379 U.S. 824 (1962); *Dilley v. Chesapeake & O. Ry.*, 327 F.2d 249 (6th Cir. 1964), *cert. denied*, 379 U.S. 824 (1964); *Raudenbush v. Baltimore & O. R.R.*, 160 F.2d 363 (3rd Cir. 1947). Where both the Railroad and the plaintiff are guilty of negligence causing plaintiff's injuries, the plaintiff may recover damages from the Railroad, but the amount thereof must be diminished in proportion to the amount of negligence attributable to the plaintiff. *Hayes v. New York Central R. Co.*, 311 F.2d 198, 200 (2nd Cir. 1962); *Dennis v. Denver & R. G. W. R. Co.*, 375 U.S. 208 (1963).

## 6. DAMAGES

Defendant is not to be held responsible for any ailments which resulted from any cause other than the accident alleged herein. *Chesapeake & O. Ry. v. Carnahan*, 241 U.S. 241, 244 (1916); *Bowles v. Zimmer Mfg. Co.*, 277 F.2d 868 (7th Cir. 1960); 22 Am.Jur.2d, DAMAGES §§80-81, 85 95, 122, 123 Annot., 2 A.L.R. 3d, 290, 360, 384, 401, 434, 446, 487 (1965). Plaintiff is not entitled to recover any damages for a pre-existing or subsequent condition. *Holladay v. Chicago, B & Q R. Co.*, 255 F.Supp. 879, 886 (S.D. Iowa, 1966); *Henderson v. U.S.*, 328 F.2d 502, 504 (C.A. Ala., 1964); *Sweet Milk Co. v. Stanfield*, 353 F.2d 811, 813 (9th Cir. 1965) ; *Akers v. Norfolk & Western Ry. Co.*, 417 F.2d 632 (4th Cir. 1969); *Scarberry v. Ohio River Co.*, 217 F. Supp. 189, 193 (SD W.Va., 1963).

## 7. FACTS

The plaintiff claims to have sustained a right knee injury as the result of a slipping and falling while he was walking in the dark without a flashlight. However, the plaintiff will not sustain his burden of proof that the injury was caused by any negligence of the defendant.

Dated:   New York, New York
         August 7, 2008

                                            RICHARD K. BERNARD
                                            GENERAL COUNSEL

                                            By:__S/_____
                                             Ioana Wenchell
                                             Associate Counsel
                                             Attorneys for Defendant

347 Madison Avenue
New York, New York  10017
(212) 340-2203
IW-4775

6