TABLE OF CONTENTS

REQUEST NO. 1 BASIS OF ACTION ........................................................................ 3

REQUEST NO. 2  - RAILROAD NOT GUARANTOR…………… ……………………………4

REQUEST NO. 3 DEGREE OF CARE ....................................................................... 5

REQUEST NO. 4 ACCIDENT ALONE IS NOT NEGLIGENCE ................................. 6

REQUEST NO. 5 UNAVOIDABLE ACCIDENT........................................................ 7

REQUEST NO. 6 BURDEN OF PROOF ..................................................................... 8

REQUEST NO. 7 CORPORATIONS SAME AS INDIVIDUALS ................................ 9

REQUEST NO. 8 CORPORATION ACTS THROUGH EMPLOYEES .................................... 10

REQUEST NO. 9 DUTY OF DEFENDANT............................................................... 11

REQUEST NO. 10 FORESEEABILITY....................................................................... 12

REQUEST NO. 11 NOTICE ....................................................................................... 13

REQUEST NO. 12 DIFFICULT WORK IS NOT NEGLIGENCE ............................. 14

REQUEST NO. 13 NOT REQUIRED TO PRODUCE ABSOLUTELY SAFE PLACE ............ 15

REQUEST NO. 14 NOT REQUIRED TO PROVIDE BEST EQUIPMENT .............................. 16

REQUEST NO. 15 EMPLOYEES MUST EXERCISE REASONABLE CARE ........................ 17

REQUEST NO. 16 DUTY OF PLAINTIFF.................................................................. 18

REQUEST NO. 17 PLAINTIFF MUST CONSIDER KNOWN CONDITIONS ........................ 19

REQUEST NO. 18 SAFE VERSUS UNSAFE METHODS....................................................... 20

REQUEST NO. 19 SAFETY RULES ........................................................................... 21

REQUEST NO. 20 PLAINTIFF'S FAILURE TO SUSTAIN BURDEN .................................... 22

REQUEST NO. 21 CONTRIBUTORY NEGLIGENCE DIMINISHES DAMAGES ................ 23

REQUEST NO. 22 CONSIDER LIABILITY BEFORE DAMAGES ......................................... 24

REQUEST NO. 23 DAMAGES ................................................................................................ 25

REQUEST NO. 24 BURDEN OF PROOF - DAMAGES ......................................................... 26

REQUEST NO. 25 COMPUTING DAMAGES ........................................................................ 27

REQUEST NO. 26 INJURY MUST BE CAUSED BY ACCIDENT ......................................... 28

REQUEST NO. 27 AGGRAVATION ........................................................................................ 29

REQUEST NO. 28 PERMANENT INJURIES .......................................................................... 31

REQUEST NO. 29 DISCOUNTING ......................................................................................... 32

REQUEST NO. 30 MITIGATION - MEDICAL ....................................................................... 33

REQUEST NO. 31 MITIGATION - EMPLOYMENT ............................................................... 34

REQUEST NO. 32 INCOME TAXES ....................................................................................... 36

REQUEST NO. 33 JURY DELIBERATION ............................................................................. 37

REQUEST NO. 34 SYMPATHY .............................................................................................. 38

REQUEST NO. 35 INTERESTED WITNESS .......................................................................... 39

REQUEST NO. 36 INCONSISTENT STATEMENT ................................................................ 40

REQUEST NO. 37 FALSUS IN UNO ...................................................................................... 41

REQUEST NO. 38 EXPERT WITNESSES ............................................................................... 42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN RYAN,

                              Plaintiff,                                          07 Civ. 7217 (DAB)

         -against-                                                    **Defendant's Charge Requests**


METRO-NORTH COMMUTER RAILROAD,

                              Defendant.
----------------------------------------------------------------------
X


REQUEST NO. 1 - BASIS OF ACTION

This claim is brought under a federal law which provides that a railroad shall be liable in

damages for injury to an employee if the injury occurs while the employee is engaged in the

course of the employment and results, in whole or in part from the negligence of any of the

officers, agents or employees of the railroad; because of any defect or insufficiency, due to the

railroad's negligence.

NYPJI §2:180.

REQUEST NO. 2  - RAILROAD NOT GUARANTOR

The Federal Employers' Liability Act does not make the defendant railroad the guarantor of the safety of its employees and plaintiff is not entitled to an award of damages simply because he/she was injured.  The law imposes on the railroad the duty of using reasonable care to provide its employee with a reasonably safe place in which to work and maintain such place in a reasonably safe condition, provide its employee with reasonable safe and sufficient tools, appliances, equipment with which to do the work.

NYPJI §2:180.

REQUEST NO. 3 - DEGREE OF CARE

A railroad company, like other employers, is required to exercise ordinary care in furnishing its employees a reasonably safe place to work. The phrase "reasonably safe place to work" is, however, a term of relative application. It does not mean the absolute elimination of all dangers, but only to exercise the care that the particular circumstances reasonably demand. The defendant was not required to exercise toward the plaintiff the highest degree of care, but the duty resting upon the defendant was to exercise toward the plaintiff ordinary care on the occasion in question, ordinary care being just such care as a person of ordinary prudence would exercise under the same or similar circumstances.

And the "degree of care" to be exercised must have some reasonable relationship to the ability of the Railroad to perform such duty.

> *Conway v. Consolidated Rail Corp*., 720 F.2d 22l, 233 (1st Cir. 1983), *cert. denied*,
> 466 U.S. 937, 104 S.Ct. 1911, 80 L.Ed.2d 459 (1984);
> *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653, 67 S.Ct. 598, 91L.Ed. 572 (1947);
> *Raudenbush v. B. & O. R. Co., l60* F.2d 363, 366-67 (3rd Cir. 1947);
> *Rose v. Atlantic Coast Line,* 277 F. Supp. 9l3, 9l9-20 (D.S.C. 1967);
> *Brady v. Southern Ry.,* 320 U.S. 476, 483, 64 S.Ct. 232, 236, 88 L.Ed. 239, 245 (1943);
> NYPJI §2:180.

REQUEST NO. 4 -ACCIDENT ALONE IS NOT NEGLIGENCE

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by someone's negligence.  The burden of proof is upon plaintiff to prove by a preponderance of evidence that the defendant was negligent and that plaintiff's injury resulted in whole or in part from such negligence.

FJPI §94.06.

REQUEST NO. 5 - UNAVOIDABLE ACCIDENT

You are further instructed, a member of the jury, that the law recognizes what is known as an unavoidable accident. An unavoidable accident is an occurrence which was not intended and which, under all the circumstances, could not have been foreseen or prevented by exercise of reasonable precautions. An accident is considered unavoidable if it was not proximately caused by the negligence of any party to the action or to the accident. An accident may happen and a person may be injured without negligence on the part of any person. And, if you believe that the plaintiff's injury was the result of a pure accident or misadventure and was, under the circumstances, unavoidable, then the defendant would not be liable therefor.

NYPJI  Comment §2:180;
*Williams v. Union Pac. R.R.*, 286 F.2d 50, 55 (9th Cir. 1960).

REQUEST NO. 6 - BURDEN OF PROOF

The burden is on the plaintiff to prove, first, that at the time he/she was injured, he/she was in the course of his/her employment; second, that defendant was negligent, that is – that an officer, agent or employee of defendant acting in the course of their employment failed to use reasonable care under the circumstances; and third, that such negligence played some part, however slight, in causing the occurrence in which plaintiff was injured.  A person is within the course of his/her employment when they are doing anything which they were employed or authorized to do or which is reasonably incidental to his/her employment.

If you find that plaintiff was not in the course of his/her employment at the time of the occurrence, or that there was no negligence on the part of the defendant or that the negligence of the defendant played no part whatsoever in causing plaintiff's injuries, then you will find for defendant on this issue.  If you find that defendant was negligent and that defendant's negligence contributed to causing plaintiff's injuries, then you must next consider whether plaintiff was also negligent and whether plaintiff's conduct contributed to causing his/her own injuries.

The burden is on defendant to prove that plaintiff was negligent and that his/her negligence contributed to causing his/her injuries.  If you find that plaintiff was not negligent, or if negligent, that his/her negligence did not contribute to causing those injuries, you should go no further and report your findings to the court.

If, however, you find that plaintiff was negligent and that his/her negligence contributed to causing the injuries, you must then apportion the fault between plaintiff and defendant.

NYPJI §2:180.

## REQUEST NO. 7 - CORPORATIONS SAME AS INDIVIDUALS

In this case, the defendant is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other party.

M.F.J.I. §72.01.

REQUEST NO. 8 - CORPORATION ACTS THROUGH EMPLOYEES

Metro-North is a corporation and, as such, can only act through its corporate agents, servants or employees. Therefore, in order for plaintiff to recover, plaintiff must prove by a fair preponderance of the credible evidence that his/her accident was caused, in whole or in part, by some negligent act or omission on the part of the agents, servants or employees of the Railroad, other than the plaintiff.

F.J.P.I. §94.15.

REQUEST NO. 9 - DUTY OF DEFENDANT

As used in the Federal Employers' Liability Act, the word "negligence" means and is defined as lack of ordinary care under the circumstances, or the failure to do what a careful and prudent employer would ordinarily do or have done under the circumstances of the situation, or doing what such an employer under the existing circumstances would not have done.

*Wilkerson v. McCarthy*, 336 U.S. 53,  69 S.Ct. 413, 93 L.Ed. 497  (1949);
*Sano v. Pennsylvania R. Co.*, 282 F.2d 936 (3rd Cir. 1960).

REQUEST NO. 10 - FORESEEABILITY

You have been told that this case is one where the plaintiff contends the Railroad was negligent. And you have been instructed on the meaning of "negligence," and that the causal relationship between negligence, if any, and the plaintiff's alleged injury must be proved by the plaintiff by a preponderance of the evidence. Now, there is a further requirement in establishing negligence, namely that the defendant company, through its officers, agents or employees, using ordinary caution and prudence, should have foreseen that some injury would probably arise from their acts or omissions.

The railroad was not required to guard against that which a reasonably prudent person, under like circumstances, would not anticipate as likely to happen. If a person has no reasonable ground to anticipate that a particular condition or course of conduct would or might result in a mishap or injury, then such person is not required to do anything to guard against, correct or change such condition or course of conduct. You must apply that rule to the facts in this case. The railroad's duty to plaintiff is to be measured by what is reasonably foreseeable under like circumstances. I tell you this because "reasonable foreseeability of harm" is an essential ingredient of Federal Employers' Liability Act negligence. In measuring or evaluating the railroad's conduct here, the point of view to be taken should be the view of the conditions which existed before the mishap occurred to see what, in the light of the facts then known, should or could reasonably have been anticipated.

*Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963);
*Bridger v. Union Ry.*, 355 F.2d 382 (6th Cir. 1966);
*Inman v. Baltimore & O.R.Co.*, 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959);
*Palsgraf v. Long Island R, Co.*, 248 N.Y. 339, 162 N.E. 99 (1928);
*MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916);
NYPJI §2:12.

REQUEST NO. 11 - NOTICE

Before the Railroad can be charged with negligence in failing to remedy any condition with the

area in question such as that which is claimed to have caused plaintiff's injury, or in failing to warn

plaintiff of the existence of such condition, the plaintiff has the burden of proving that the area was, in

fact, dangerous and that the Railroad had actual notice of such condition, or that, in the exercise of

ordinary care, it should have known of the existence of such condition at a time sufficiently prior to the

accident so as to have taken necessary steps to alleviate the condition or to have warned plaintiff of the

existence of such condition.

*Kaminski v. Chicago, River & Indiana R. Co.*, 200 F.2d l, 4 (7th Cir. 1952);
*Atlantic Coast Line R. Co. v. Collins*, 235 F.2d 805, 808, (4th Cir.), *cert. denied*, 352 U.S. 942, 77 S.Ct. 265, 1 L.Ed.2d 238 (1956);
*Sano v. Pennsylvania R. Co.*, 282 F.2d 936, 939(3rd Cir. 1960);
*Rice v. Atlantic Gulf & Pacific Co.*, 484 F.2d l3l8, l320 (2nd Cir. 1973);
*Perry v. Morgan Guaranty Trust Co.,* 528 F.2d l378, l379 (5th Cir. 1976);
*O'Hara v. Long Island Railroad Co.,* 532 F. Supp. 202, 203 (E.D.N.Y.), *aff'd.,* 665 F.2d 8, 9 (2nd Cir. 1981).

REQUEST NO. 12 - DIFFICULT WORK IS NOT NEGLIGENCE

The plaintiff cannot recover in this case merely by proving that the work involved was difficult or inconvenient in some way.  It is necessary in order for the plaintiff to recover that plaintiff prove that the defendant was negligent and that such negligence, in whole or in part, caused plaintiff's injury.

*Wilkerson v. McCarthy,* 336 U.S. 53,   69 S.Ct. 413, 93 L.Ed. 497  (1949).

REQUEST NO. 13 - NOT REQUIRED TO PRODUCE ABSOLUTELY SAFE PLACE

The defendant railway company is not required under the law to furnish the plaintiff a place to work which was absolutely safe. It is not required to furnish to its employees the latest, best, or most perfect place within or upon which to work, nor to discard standard places to work already in use upon the discovery of later improvements. Its duty is only to exercise reasonable and ordinary care to provide a reasonably safe place for plaintiff to perform the work he/she was performing at the time of the incident in question.

> *Toledo, St. L. & W.R.R. v. Allen,* 276 U.S. 165, 169, 48 S.Ct. 215, 72 L.Ed. 513, 516 (1928);
> *Brady v. Southern Ry.,* 320 U.S. 476, 483, 64 S.Ct. 232, 236, 88 L.Ed. 239, 245 (1943);
> *Atlantic Coast Line R.R. v. Dixon,* 189 F.2d 525 (5th Cir.), *cert. denied,* 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951);
> *Baltimore & O.R.R. v. Groeger,* 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419 (1925).

REQUEST NO. 14 - NOT REQUIRED TO PROVIDE BEST EQUIPMENT

Under the Federal Employers' Liability Act, the rule of ordinary care applies and a railroad is not required to furnish its employees with the newest, the best or the most perfect appliances or equipment, nor is the railroad required to discard or cease the use of standard appliances and ordinary equipment already in use, if those in use are reasonably safe and suitable. Therefore, if you find that the appliances and equipment that were being used by plaintiff were reasonably safe and suitable, then you must find the railroad not negligent in failing to provide different, safer or newer appliances or equipment.

> *Atlantic Coast Line R. Co. v. Craven,* 185 F.2d l76, l79 (4th Cir. 1950), *cert. denied,* 340 U.S. 952, 71 S.Ct. 571, 95 L.Ed. 686 (1951);
> *Atlantic Coast Line Co. v. Dixon,* 189 F.2d 525 (5th Cir.), *cert. denied*, 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951);
> *McGivern v. Northern Pac. R. Co.,* l32 F.2d 2l3, 2l7 (8th Cir. 1942);
> *Baltimore & Ohio R. Co. v. Groeger,* 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419 (1925).

REQUEST NO. 15 - EMPLOYEES MUST EXERCISE REASONABLE CARE

During the time plaintiff was working, and at the time plaintiff was injured, the law imposed upon plaintiff the duty to exercise reasonable care for plaintiff's safety.  The defendant owed plaintiff no duty to exercise a higher degree of care for his/her safety than plaintiff owed to himself/herself.

Plaintiff was required to exercise reasonable care to protect himself/herself from injury from the ordinary hazards and dangers of his/her employment and to protect himself/herself from injury from such hazards however and whenever they might be encountered.

The defendant cannot be charged with negligence in this case by failing to anticipate that plaintiff would not take the ordinary and proper precautions to protect and safeguard plaintiff's health and welfare.  Railroad employees must, as part of their duties, exercise due care for their own safety.

*Atlantic Coast Line R.R. v. Dixon*, 189 F.2d 525 (5th Cir.), *cert. denied*, 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951);
*Kurn v. Stanfield*, 111 F.2d 469, 473  (8th Cir. 1940);
*Gowins v. Pennsylvania R.R.*, 299 F.2d 431 (6th Cir), *cert. denied,* 371 U.S. 824, 83 S.Ct. 44, 9 L.Ed.2d 64 (1962);
*Dilley v. Chesapeake & O. Ry.*, 327 F.2d 249 (6th Cir.), *cert. denied,* 379 U.S. 824, 85 S.Ct. 47, 13 L.Ed.2d 34 (1964);
*Raudenbush v. Baltimore & O.R.R.*, 160 F.2d 363 (3rd Cir. 1947).

REQUEST NO. 16 - DUTY OF PLAINTIFF

To determine whether the plaintiff was "contributorily negligent," you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions which a reasonably prudent person would have taken in the circumstances. You also apply the same rule of causation, that is, did the plaintiff's negligence, if any, play any part, however slight, in bringing about his/her injuries.

M.F.J.I.§ 89-24;
Gantois v. New York Central R. Co., l965, 342 F.2d 767 (6th Cir. 1965);
Paige v. St. Louis S. R. Co., l963, 3l2 F.2d 84 (5th Cir. 1963);
Juaire v. Nardin, l395 F.2d 373, 380, (2nd Cir.), *cert. denied,* 393 U.S. 938, 89 S.Ct. 302, 21 L.Ed2d 274 (1968).

REQUEST NO. 17 - PLAINTIFF MUST CONSIDER KNOWN CONDITIONS

You have been instructed that plaintiff was under a duty to exercise reasonable care for his/her own safety.  In your consideration of this issue, you may consider plaintiff's actions in the light of any condition known to plaintiff or conditions that should have been known to plaintiff in the exercise of ordinary care.

*Gowins v. Pennsylvania R.R.*, 299 F.2d 431 (6th Cir. 1962).

REQUEST NO. 18 - SAFE VERSUS UNSAFE METHODS

When an employee, such as plaintiff, is given a general order with respect to the performance of a particular task, and is left to use his/her own judgment or discretion as to the manner in which such work should be done, if there exists a safe way and a dangerous way to carry out such work, each of which are equally open to plaintiff, if he/she chooses or selects the unsafe or dangerous method of performing his/her work and injury results, you must find that plaintiff was negligent.

If you further find that plaintiff's unsafe or dangerous method of performing such work was the sole cause of his/her accident and injury, you must return a verdict in favor of the Railroad.

*Wadiak v. Illinois Central R. Co.,* 208 F.2d 925, 930(7th Cir. 1953);
*Koch v. Chicago & N.Y. Ry. Co.,* 208 F.2d l52, l56 (7th Cir. 1953);
*Grenawalt v. South African Marine Corp.,* l30 F. Supp. 432, 434 (S.D.N.Y. 1955), *aff'd.,* 243 F.2d 575 (2nd Cir. 1957);
*Emig v. Erie Lackawanna R. Co.,* 350 F. Supp. 986 (W.D. Pa. 1972), *aff'd.*, 485 F.2d 679 (3rd Cir. 1973).

- 20 -

## REQUEST NO. 19 - SAFETY RULES

Defendant Railroad claims that plaintiff was negligent in failing to observe and follow certain rules that had been promulgated by the railroad for the safety of its employees. I am not going to recite those rules to you, but I will merely state that these rules relate to the care and caution Railroad employees, such as plaintiff, are expected to use while they are performing their duties.

If you find that defendant has established to your satisfaction that plaintiff did not follow or observe such rules on the date in question, you may consider such failure on the plaintiff's part as negligence.

If you further find that such failure by plaintiff to observe or follow these rules was negligence, and that such failure was the sole cause of plaintiff's accident, you must find in favor of the defendant Railroad.

*Fraubutt v. N.Y., C. & St. L. R. Co.,* 88 F. Supp. 82l, 827 (W.D.Pa. 1950);
*Atchison, .T. & S .F. R. Co. v. Ballard,* l08 F.2d 768 (5th Cir.), *cert. denied,* 3l0 U.S. 646, 60 S.Ct. 1096, 84 L.Ed. 1413 (1940);
*Chicago, St. P., M. & O. R. Co. v. Arnold,* l60 F.2d l002, l006 (8th Cir. 1047).

REQUEST NO. 20 - PLAINTIFF'S FAILURE TO SUSTAIN BURDEN

If you find by a preponderance of the evidence, considering all the facts and circumstances of this case as shown by the evidence, that the defendant did provide plaintiff with a reasonably safe place to work, or that the plaintiff failed to exercise reasonable care for his/her own safety and that such failure was the sole proximate cause of plaintiff's accident, then your verdict will be for the defendant.

*Morrison v. New York Central R. Co.*, 36l F.2d 3l9 (6th Cir. 1966).

REQUEST NO. 21 - CONTRIBUTORY NEGLIGENCE DIMINISHES DAMAGES

Where both the Railroad and the plaintiff are guilty of negligence causing plaintiff's injuries, the plaintiff may recover damages from the Railroad, but the amount thereof must be diminished in proportion to the amount of negligence attributable to the plaintiff.

Weighing all the facts and circumstances, you must consider the total negligence, that is, the negligence of both plaintiff and defendant that contributed to causing plaintiff's injuries and determine what percentage of fault is chargeable to each. In your verdict, your will state the percentages you find. The total of these percentages must equal one hundred percent.

For example, if you should find that the defendant and plaintiff were equally negligent you would report that each was 50% responsible. If you should find that one party was more negligent than the other in causing plaintiff's injuries, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

NYPJI §2:180;
*Hayes v. New York Central R. Co.,* 3ll F.2d l98, 200 (2nd Cir. 1962);
*Dennis v. Denver & R. G. W. R. Co.,* 375 U.S. 208, 84 S.Ct 291, 11 L.Ed.2d. 256 (1963).

REQUEST NO. 22 - CONSIDER LIABILITY BEFORE DAMAGES

When you retire to the Jury Room, you must place the responsibility for the incident in which the plaintiff claims to have been injured, and you should not consider and "you are not to be concerned with the question of damages unless and until you first find from the evidence, under the instructions of the Court," that the defendant was, in fact, negligent and that such negligence, if any, caused or contributed to the incident that is the basis of this lawsuit.

*Schybinger v. Interlake Steamship Co.,* 273 F. 2d 307, 313 (7th Cir.  1959).

REQUEST NO. 23 - DAMAGES

My charge to you on the law of damages must not be taken as an intimation that you should find for the plaintiff.  It is for you to decide on the evidence presented and on the rules of law I have given you whether plaintiff is entitled to recover from the defendant.  If you decide plaintiff is not so entitled, you need go no further and will return with your verdict for the defendant.  Only if you decide that plaintiff is entitled to recover, will you then consider the question of damages.

In fixing damages, you must bear in mind that plaintiff is entitled to recover a sum of money which will justly and fairly compensate plaintiff for the injury.  Your purpose is not to punish the defendant for any fault or wrongdoing, nor is it your purpose to enrich the plaintiff.  Any award you make must be fair, reasonable and commensurate with the nature and extent of the injury actually sustained.

NYPJI §2:280;
*Domeracki v. Humble Oil & Refining Co.,* 443 F.2d l245, l248 (3rd Cir.), *cert. denied,*
404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 165 (1971).

REQUEST NO. 24 - BURDEN OF PROOF - DAMAGES

The burden is on the plaintiff in this action to prove by a preponderance of the evidence; (1) that the injuries complained of by plaintiff exist, and; (2) that those injuries are the result of the accident in question.  You are not permitted to award damages for injuries that are speculative or conjectural.  Thus, if the plaintiff fails to carry the burden of proving the existence of any injuries, or that those injuries resulted from the accident, he/she is not entitled to recover damages in this action.

See, *Restatement of Torts* §912;
*Dollens v. Public Belt R.R. Commission,*  333 F.Supp. 72 (1971);
*Edwards v. New York Cent. R.R.*, 136 F.Supp. 706 (S.D.W.Va. 1955);
*Kuberski v. New York Cent. R.R.*, 359 F.2d 90 (2nd Cir. 1966), *cert. denied,* 386 U.S. 1036, 87 S.Ct. 1475, 18 L.Ed.2d 600 (1967);
*Sheaf v. Minneapolis, St. P. & S. S. M R. Co.*, 162 F.2d 110 (8th Cir.1947);
*Wolfe v. Henwood*, 162 F.2d 998 (8th Cir.), *cert. denied,* 332 U.S. 773, 68 S.Ct. 88, 92 L.Ed. 357 (1947).

REQUEST NO. 25 - COMPUTING DAMAGES

In computing plaintiff's damages, you may include in your verdict an award for whatever injury you find plaintiff actually suffered and for conscious pain and discomfort that you find to have been caused by the accident.

However, although plaintiff is entitled to recover damages for pain and discomfort that result from his/her injury, there is no formula or yardstick that the law can give you with respect to this element of damages.  In this matter you must use your own good judgment.  But any award you choose to make must be fair and reasonable and must be commensurate with the pain and discomfort actually endured by plaintiff as a result of his/her injury.

NYPJI §2:280;
*Fornwalt v. Reading Co.,* 79 F. Supp. 92l, 923 (E.D.Pa. 1948);
*DeVito v. United AirLines,* 98 F. Supp. 88, 99 (E.D.N.Y. 1951).

REQUEST NO. 26 - INJURY MUST BE CAUSED BY ACCIDENT

In order for plaintiff to recover in this case, plaintiff must prove by a preponderance of the evidence that any injury sustained was the result of the negligence of the defendant. You must not speculate in this respect. It is not sufficient for plaintiff to show that such condition could have been caused by the alleged accident. Defendant is not to be held responsible for any ailments which plaintiff may suffer which resulted from any cause other than the accident mentioned in the evidence. Any physical disability that you find to be attributable to any prior or subsequent accident or illness and which is not a direct result of the accident complained of is not a part of this action and should not be considered by you.

*Chesapeake & O. Ry. v. Carnahan,* 241 U.S. 241, 244, 36 S.Ct. 594, 60 L.Ed. 979 (1916);
*Bowles v. Zimmer Mfg. Co.,* 277 F.2d 868 (7th Cir. 1960);
22 Am.Jur.2d, DAMAGES §§80-81, 85, 95, 122, 123 Annot.;
2 A.L.R. 3d, 290, 360, 384, 401, 434, 446, 487 (1965).

REQUEST NO. 27 - AGGRAVATION

Plaintiff claims to have sustained a knee injury as a result of the alleged incident.  A person who had a disease, disability or condition at the time of an accident is not entitled to recover any damages for the pre-existing condition itself.  However, plaintiff is entitled to recover damages for any aggravation of the pre-existing condition that results from the incident.  But where a pre-existing condition is aggravated by an incident, the damages recoverable are limited to the additional injury caused by the incident.  There can be no recovery for any worsening of the pre-existing condition which is not caused by the accident or which would have occurred or progressed or become symptomatic, even without any incident.

The plaintiff has the burden of proving the extent to which the accident caused any aggravation of a pre-existing condition.

If you find from the evidence that, at the time of the accident complained of, plaintiff had a pre-existing condition which would have eventually caused discomfort even if there had been no accident, then plaintiff is not entitled to collect damages for any wage loss, medical expenses or pain or discomfort related solely to that progressive condition, or for any changes in plaintiff's physical condition which resulted or would have resulted from the natural progression of such pre-existing conditions.  Plaintiff may only recover for such pain, discomfort, and changes in physical condition, wage loss or medical expense which is a direct result of the alleged accident.  The defendant is responsible only for such aggravation of the pre-existing condition as was directly caused by the accident.  Defendant is not to be held liable for any wage loss, medical expense, pain, discomfort, or change in physical condition caused by or attributable to the normal progression of the pre-existing

condition which would have resulted or developed independently of the accident or which, in the future,

may result from the progression of such condition.

*Holladay v. Chicago, B & Q R. Co.,* 255 F.Supp. 879, 886 (S.D. Iowa 1966);
*Henderson v. U.S.,* 328 F.2d 502, 504 (5th Cir. 1964);
*Sweet Milk Co. v. Stanfield,* 353 F.2d 811, 813 (9th Cir. 1965);
*Akers v. Norfolk & Western Ry. Co.,* 417 F.2d 632 (4th Cir. 1969);
*Scarberry v. Ohio River Co.,* 217 F. Supp. 189, 193 (S.D.W.Va. 1963).

REQUEST NO. 28 - PERMANENT INJURIES

Plaintiff has claimed that the injuries received by him/her as a result of the accident are permanent. I instruct you that the burden of proof is upon the plaintiff to prove each and every element of the case and that before you can award plaintiff any sum of money for alleged permanent injuries, you must be satisfied by a preponderance of the evidence that the injuries are permanent; it is not sufficient that permanent injuries are merely possible.

*Shelton v. Thomson,* 148 F.2d 1 (7th Cir. 1945).

REQUEST NO. 29 - DISCOUNTING

If you find in favor of plaintiff and decide to make an award for future earnings, you must take into account the fact that the money awarded by you is being received all at one time instead of over a period of time extending into the future and that plaintiff will have the use of this money in a lump sum.

The award of damages for loss of future earnings, if any, must be reduced to its present cash value; adequate allowance must be made for the earning power of money. Future earnings should be calculated on the length of time that the plaintiff would be employed rather than on the time plaintiff would expect to live. You are entitled to consider all factors or circumstances such as illness, retirement, either compulsory or voluntary, the nature and hazards of plaintiff's employment, accidents, the possibility of obtaining other suitable employment, death or other matters which might tend to increase or decrease the pecuniary loss.

*Hull by Hull v. U.S.*, 971 F.2d 1499 (10th Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1844, 123 L.Ed.2d 469 (1993);
*DeChico v. Metro-North Commuter Railroad,* 758 F.2d 856  (2nd Cir. 1985);
*Metz v. United Technologies,* 754 F.2d 63 (2nd Cir. 1985);
*Oliveri v. Delta S.S Lines,Inc.,*  849 F.2d 742(2nd Cir. 1988);
*Doca v. Marina Mercante,* 634 F.2d 30 (2nd Cir.1980) cert. *denied,* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 351 (1981);
*Ulrich v. V.A. Hospital*, 853 F.2d 1078 (2nd Cir. 1988);
*Chiarello v. Domenico Bus Service,* 542 F.2d 883 (2nd Cir. 1976);
*Thompson v. Camp,* 163 F.2d 396 (6th Cir. 1947), *cert. denied,* 333 U.S. 831, 68 S.Ct. 458, 92 L.Ed. 1116 (1948);
 *St. Louis Southwestern Ry. Co. v. Dickerson,* 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 803 (1985).

REQUEST NO. 30 - MITIGATION - MEDICAL

An injured party is under a legal obligation to minimize their damages by seeking and submitting to or following such medical advice and treatment, including necessary surgical procedures as a reasonable, prudent person in similar circumstances would seek and obtain. And if the medical treatment reasonably required to effect a cure or partial recovery from the injury involves a normal surgical procedure that presents no grave or serious risks to the injured party, he/she is under a duty to undergo such surgical procedure. If the injured party fails to seek or follow such medical advice or treatment which a reasonably prudent person, under similar circumstances would seek and obtain, then plaintiff may not recover damages for any loss of earnings, pain or discomfort which reasonably could have been avoided had such treatment been rendered or such advice or surgical procedure been followed.

*Rapisardi v. United Fruit Co.,* 44l F2d l308, l3l2 (2nd Cir. l97l);
*Young v. American Export Lines,* 29l F. Supp. 447, 450 (S.D.N.Y. l968);
*Cline v. United States,* 270 F. Supp. 247, 252 (S.D. Fla. l967);
*Holladay v. Chicago, B. & Q. R. Co.,* 255 F. Supp. 879, 887 (S.D. Iowa l966);
*Lewis v. Pennsylvania R.R,* l00 F. Supp. 29l, 294 (E.D. Pa. l95l);
*Muller v. Lykes Bros. S.S. Co.,* 337 F. Supp. 700, 705-706 (E.D. La.), *aff'd.,* 468 F.2d 961 (5th Cir 1972).

REQUEST NO. 31 - MITIGATION - EMPLOYMENT

An injured person is also under a legal obligation to mitigate their damages by resuming or attempting to resume gainful employment as soon as such can reasonably be done. If he/she makes no reasonable or genuine effort to do so, he/she is not allowed to recover money damages for those losses that result from such failure or inactivity on his/her part.

In this connection, I instruct you that the plaintiff was, and continues to be, under a legal duty to reduce the claim for loss of income by returning, or attempting to return, to plaintiff's former job. If you believe that plaintiff has not fulfilled this duty or that failure to return, or to attempt to return, to such work is not due to the injuries sustained in this accident, then you may not award plaintiff any damages for reduction or loss of earnings beyond the date that you determine he/she was, or in the future will be, able to perform those duties.

In addition, if you find that, although not able to return to the work plaintiff performed prior to the accident, plaintiff was or is physically able to perform work in other fields of endeavor, but that he/she has failed to make any effort to obtain such other employment, then any loss of earnings must be reduced by what you find plaintiff reasonably could have earned had plaintiff obtained such alternative employment.

Also, any damages which you award for loss of earnings must be based upon what you determine plaintiff could have done, or can do, to carry out these duties, rather than by what plaintiff has done in the past or by what he/she plans to do in the future.

With respect to all of these issues, the burden is upon the plaintiff to prove by a fair preponderance of the credible evidence that he/she is now, and in the future will continue to be, unable

to perform the duties performed prior to the accident or any alternative work which is or can be made available to him/her.

> *Baker v. Chesapeake & Ohio R. Co.,* 502 F2d 638, 644 (6th Cir. 1974);
> *West v. Jutras,* 456 F.2d l222, l227 (2nd Cir. 1972);
> *Ferrari v. Moore McCormack Lines, Inc.,* 294 F. Supp. l366, l367 (S.D.N.Y. 1969);
> *Candiano v. Moore McCormack Lines, Inc.;* 25l F. Supp. 654, 660, *aff'd.,* 382 F2d 96l (2nd Cir. 1967), *cert. denied,* 390 U.S. l027, 88 S.Ct. 141`6, 10 L.Ed.2d 284 (1968);
> *Alexander v. Meiji Kauin K.K.,* l95 F. Supp. 83l, 834 (E.D.La 1961) *aff'd.,* 3ll F2d 385 (5th Cir. 1962).

REQUEST NO. 32 - INCOME TAXES

You are further instructed that any award made to the plaintiff is not income to the plaintiff within the meaning of the income tax law.  Should you find that the plaintiff is entitled to an award of damages, then you are to follow the instructions already given you by this Court in measuring those damages, and in no event should you either add to or subtract from that award on account of income taxes.

*Burlington & Northern v. Boxberger,* 529 F.2d 284 (9th Cir. 1975);
*Bach v. Penn Central Transp. Co.,* 502 F.2d lll7, ll23 (6th Cir. 1974);
*Domeracki v. Humble Oil & Refining Co.,* 443 F.2d l245, l248 (3rd Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 212, 30 L.Ed.2d 165 (1971).
*McWeeney v. New York, N.H. & H.R. Co.,* 282 F.2d 34 (2nd Cir.), *cert. denied,* 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 93 (1960);
*Norfolk & Western R. Co. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980).

REQUEST NO. 33 - JURY DELIBERATION

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. However, you should not be influenced to vote in any way on any question submitted to you by the single fact that a majority of the jurors, or any of them, favor such an opinion; nor should you agree to be bound by a majority or any vote other than a unanimous vote of all jurors on each question. In other words, you should not surrender your honest convictions concerning the effect or weight of evidence for the mere purpose of returning a verdict or solely because of the opinion of the other jurors.

FJPI §10.14

REQUEST NO. 34 - SYMPATHY

Sympathy should not enter into your deliberations and should have no part therein.  Both parties are entitled to even-handed justice.

*Laidlaw v. Sage,* l58 N.Y. 73, l04 (1899);
*Burch v. Reading R. Co.,* 240 F.2d 574, 576-77 (3rd Cir.), *cert. denied,* 353 U.S. 965, 77 S.Ct. 1049, 1L.Ed.2d 914 (1957).

REQUEST NO. 35 - INTERESTED WITNESS

Plaintiff has testified before you.  As a party to the action, plaintiff is an interested witness.

An interested witness is not necessarily less credible than a disinterested witness.  The fact that plaintiff is interested in the outcome of the case does not mean that he/she has not told the truth.  It is for you to determine from plaintiff's demeanor on the stand, and such other tests as your experience dictates, whether or not plaintiff's testimony has been colored, intentionally or unintentionally, by his/her interest.  You are at liberty, if you deem it proper under all of the circumstances to do so, to disbelieve the testimony of such a witness, even though it is not otherwise impeached or contradicted.  However, you are not required to disbelieve such a witness, and may accept all or such part of his/her testimony as you deem reliable and reject such part as you deem unworthy of acceptance.

NYPJI  §1:91

REQUEST NO. 36 - INCONSISTENT STATEMENT

Where a witness who is a party to the action said or did something at some other time which is inconsistent with the witness' testimony at the trial, and by such statement, or other conduct, admits some fact or facts against his/her interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

FJPI §73.09

REQUEST NO. 37 - FALSUS IN UNO

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept as much of his/her testimony as you deem true and disregard what you feel is false. By the process that I have just described to you, you, as sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give it.

NYPJI §1:22

REQUEST NO. 38 - EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

FJPI §72.08 (4th Ed. 1987)

Respectfully submitted,

RICHARD K. BERNARD, GENERAL COUNSEL


By:___S/_____
    Ioana Wenchell
    Associate Counsel
    Attorneys for Defendant
    347 Madison Avenue
    New York, New York  10017
    (212) 340-2203
    IW-4775